IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY RUSH and
ERIKA RUSH,

        **Plaintiffs,**

v.                                                               Case 2:22-cv-02015-MSN-cgc

MINNESOTA SOYBEAN PROCESSORS,

        **Defendant.**

GEORGE MONSON,

        **Plaintiff,**

v.                                                               Case 2:22-cv-02016-MSN-cgc

MINNESOTA SOYBEAN PROCESSORS,

        **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 52[1]), is Plaintiffs Motion to Compel discovery responses filed on March 3, 2023 (D.E. # 51). Plaintiffs requested that the costs of the Motion be assessed against Defendant. A hearing on the Motion was held on April 27, 2023. Howard Manis and Andrew Clarke appeared on behalf of Plaintiffs and Hannah Fuson, Christopher Burnside and Stephen Vescovo appeared on behalf of Defendant. After the hearing, an Order (D.E. # 78) was entered granting the Motion and ordering Plaintiffs to file their affidavit of fees and expenses. Defendant was directed to file 'any response indicating circumstances

---

[1] The docket numbers referenced herein are from 22-cv-02016-MSN-cgc.

which would make an award of expenses unjust."

Plaintiffs' counsel, Howard Manis, filed a declaration on May 3, 2023 setting forth his background and other information for consideration of the attorney's fee application pursuant to Tennessee Rule of Professional Conduct ("RPC") 1.5(a). Mr. Manis stated that he expended 2.5 hours towards the Motion to Compel and that his hourly rate of $400 would yield a total award of $1,000[2].

Defendant responds in opposition and argues that it would be unjust to award fees in this case. In support of this argument, Defendant states that Defendant had granted an extension to Plaintiffs and expected a similar extension as a courtesy, that Plaintiff's discovery was burdensome and that the production delay was caused in part by factors outside of Defendant's control. (D.E. # 81, PageID 438)

The docket and the memorandum in support of and response in opposition to the motion to compel set forth the following timeline of discovery activities:

| | |
|---|---|
| October 27, 2022 | Defendant serves its first set of discovery (D.E. # 39) |
| November 28, 2022 | Plaintiffs serve requests for admission (D.E. # 41)<br><br>Plaintiffs request an extension of time in which to respond to Defendant's discovery. Defendant responds that Plaintiffs may have an extension "assuming that we can have the same professional courtesy of an extension on discovery submitted to us, we are fine with this extension." (D.E. # 60-1, PageID 300-302) |
| November 29, 2022 | Plaintiffs serve their first set of interrogatories and requests for production of documents (D.E. # 42) |
| February 2, 2023 | Plaintiffs respond to 10/27/2022 discovery requests (D.E. # 47) *(67 days late)* |
| March 16, 2023 | Plaintiffs inquire about discovery responses. Defendant responds that the hope it to get responses |

---

[2] Because the motion to compel in this case and the related case at 22-cv-02015, D.E. #51 are identical, the requested expenses are only to be those expenses related to preparing the motion one time.

2

|  | to Plaintiffs "by mid-next week" (D.E. # 81, PageID 442) |
|---|---|
| March 30, 2023 | Motion to compel filed (D.E. # 51) |
| April 4, 2023 | Defendant tenders responses to Plaintiffs' first set of interrogatories (D.E. # 54) *(96 days late)* |
| April 7, 2023 | Defendant tenders responses to Plaintiffs' first set of requests for production of documents (D.E. # 58) *(97 days late)* |

"If the requested discovery is provided after [a motion to compel] was filed - the court must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P 37(a)(5)(A) Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide that the responding party must serve its answers and any objections within 30 days after being served with the interrogatories or requests for production of documents.   A longer or shorter response time may be stipulated to by the parties under Rule 29.

The docket entries make clear that both of the parties failed to respond to discovery within the 30 day period allowed by the Rules.   Defendant's argument appears to urge the court to read into the email exchange and the parties' course of conduct a Rule 29 stipulation.    However, it is recommended that the parties have not entered into a stipulation to extend Defendant's discovery response time for the following reasons.   First, in the email exchange there is no specific amount of time that the parties are agreeing to extend to each other.   There is only the undefined reference to "professional courtesy".   Further, there is no indication that Plaintiffs agreed to the reciprocal

courtesy. For there to be a stipulation, there would need to be some indicia of what is being stipulated to and mutual assent to the stipulation. From the docket, it appears that Plaintiffs gave Defendant an additional 24 days beyond the 67 days that Defendant gave Plaintiffs to respond. Even if there were a stipulation, it appears that Plaintiffs honored the agreement. While Defendant complains now that the discovery was unduly burdensome, it did not file a motion for protective order or request additional time from the court to respond. Even after counsel for Defendant indicated on March 16, 2023 that their discovery contact was out of town and that it would be approximately another week to get the responses out, Plaintiffs waited another 2 weeks before filing the instant motion.

As it is undisputed that the requested discovery was not provided until after the motion to compel was filed, it is recommended that Plaintiffs be awarded their reasonable expenses, including attorney's fees, incurred in making the Motion. The time expended and the requested fee amount are reasonable under the circumstances of the case and in light of the RPC 1.5(a) factors. Defendant did not argue that the requested fee was unreasonable.

Therefore, it is RECOMMENDED that Plaintiffs be awarded expenses in the amount of $1,000[3] to be paid to Plaintiffs within thirty (30) days of the entry of an order adopting this report and recommendation.

Signed this 15th day of May, 2023.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. §636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[3] One award of attorneys fees to cover the Motions to Compel filed in both cases.